**Scott E. LEWIS, Plaintiff–Appellant,**

v.

**SCHMIDT BAKING COMPANY, IN-CORPORATED, a Corporation, Defendant–Appellee.**

No. 92–2636.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 25, 1993.

Decided Feb. 16, 1994.

**ARGUED:** Byron Craig Manford, Martinsburg, West Virginia, for appellant. Jeanne Marie Phelan, Whiteford, Taylor & Preston, Baltimore, Maryland, for appellee. **ON BRIEF:** Gene W. Bailey, II, Jackson & Kelly, Charleston, West Virginia, for appellee.

Before NIEMEYER, Circuit Judge, CHAPMAN, Senior Circuit Judge, and KAUFMANN, Senior United States District Judge for the District of Maryland, sitting by designation.

## OPINION

NIEMEYER, Circuit Judge:

Scott E. Lewis was fired by Schmidt Baking Company, Inc., from his position as a route supervisor in Buckeystown, Maryland, when he failed to report to work on July 13 and 14, 1990, after having been directed to do so by his supervisor. Lewis asserted that he had previously scheduled vacation for those days and that he had already committed to participating in a golf tournament. Lewis' supervisor, aware of the conflict, justified his action by a late, unexpected shortage of help at that time.

Lewis sued Schmidt Baking in a West Virginia state court for wrongful discharge and intentional infliction of emotional distress. After the case was removed to the federal district court based on diversity jurisdiction, the district court, applying Maryland law, granted Schmidt Baking's motion for summary judgment. The court concluded that Lewis was an at-will employee and that an action for wrongful discharge does not lie unless Lewis is able to demonstrate that the discharge contravened public policy, a burden which Lewis did not meet. *See Adler v. American Standard Corp.* 830 F.2d 1303, 1397 (4th Cir.1987). On the claim for intentional infliction of emotional distress, the district court concluded that Schmidt Baking's conduct in directing Lewis to work on vacation days and then firing him when he refused to do so, did not amount to such extreme and outrageous conduct as is required under Maryland law to sustain a claim for intentional infliction of emotional distress. *See Kentucky Fried Chicken Nat'l Management Co. v. Weathersby,* 326 Md. 663, 670, 607 A.2d 8, 11 (1992) (requiring a showing of "opprobrious behavior that includes truly outrageous conduct" and which exceeds "all bounds usually tolerated by decent society"); *Harris v. Jones* 281 Md. 560, 380 A.2d 611 (1977).

Lewis appeals only from the ruling dismissing his claim for intentional infliction of emotional distress. He argues that Schmidt Baking knew of the vacation plans, knew of the importance of the job to him because of his need to support a family, and knew of the stress that would result if he were fired. Lewis argues that Schmidt Baking's actions were "extreme and outrageous going beyond all possible bounds of decency," that they were "intolerable in a civilized society," and that "[t]he actions complained of herein are beyond proper behavior of any employer."

We have reviewed the record carefully and we disagree with Lewis' conclusions. While Lewis has demonstrated a factual question about his hardship in having been directed to work during a scheduled vacation and perhaps even of unfairness at being fired for his

refusal to do so, if such facts were resolved in Lewis' favor, the alleged conduct still does not rise to the level of extreme and outrageous conduct required by Maryland law to sustain an intentional infliction of emotional distress claim. Schmidt Baking was doing nothing more than making sure that its offices were sufficiently staffed during a period of shortage. Indeed, Lewis conceded that oftentimes workers were required to cancel or postpone vacations due to the needs of the company. In placing its own needs above those of Lewis, Schmidt Baking did not exceed the bounds usually tolerated by decent society. Accordingly, we affirm the summary judgment entered by the district court.

*AFFIRMED.*